BRITE v. MANUFACTURING COMPANY.

(Filed September 18, 1901.)

CONTRACT—*Questions for Court.*

Where, in an action for breach of contract, the correspondence between the parties, offered in evidence, shows the contract, its construction is a matter of law.

ACTION by C. E. Brite against the Mount Airy Manufacturing Co., heard by Judge *T. A. McNeill* and a jury, at Fall Term, 1900, of the Superior Court of PAMLICO County. From a judgment for the plaintiff, the defendant appealed.

*Simmons & Ward,* for the plaintiff.
*W. D. McIver,* for the defendant.

MONTGOMERY, J.    The original contract between the plaintiff and the defendant, under which the plaintiff was made the agent of the defendant to sell fertilizers on commission, and for an alleged breach of which, by the defendant, the plaintiff has brought this action, is in writing with the exception of the quantity of fertilizers to be sold. Upon the trial the plaintiff introduced a batch of letters from the defendant to prove that the quantity of fertilizers was afterwards agreed to be one hundred tons, and he also testified that on December 20, 1895, he wrote to the defendants ordering one hundred tons.    In one of the letters referred to, of date December 8, 1895, the defendant wrote: "We will ship you the 100 tons of goods as follows," and then follows the manner and terms on which the agent was to sell to his customers.    On the 23d of December, 1895, the defendant, in one of the letters, said: "We are thinking of sending you the 100 tons  *  *  *  ."    In another of the letters, dated December 31, 1895, the defendant wrote (as the plaintiff testified on the trial, in answer to his letter of the 29th, of the same month): "All right, but we want to ship the goods in one lot from here, as we made prices on a basis of one dollar freight from Baltimore, and we have to ship in lots of 70 to 100 tons to get the rate."    On the cross-examination the plaintiff admitted that he wrote to the defendant on January 3 following, a letter in these words: "Yours of the 31st received, and contents noted.    Will say you can ship me 65 tons of cotton, corn, etc., and five tons of dissolved bone phosphate goods.    You can ship them to New Bern and deliver them to the Eastern Dispatch Line, and then I can take charge of them and have them shipped where I want them.    I have made arrangements to get them shipped from New Bern to where I want them to go, and enclosed find $5 for which give me credit on my note.    Hoping this will be all right.    Let me hear from you soon; you can ship any time, but try and ship by the 20th."

Amongst other instructions asked by defendant's counsel was one that the jury be told that "there was no evidence that defendant contracted for a larger number of tons than 75 tons shipped." The case was made up by his Honor, counsel having disagreed, and his Honor states that the instruction was modified and given in the general charge. We have examined very carefully the charge, and we find no allusion to the instruction directly or as a matter of inference. We think it ought to have been given as requested. The entire correspondence, undisputed and admitted, shows what the contract was; and that being so, its construction was a matter of law. The defendant's letter of December 31st and the plaintiff's letter of January 3d, were the termination of the correspondence concerning the quantity to be delivered under the contract, and settled that matter.

The defendant's second and third prayers for instruction were properly refused and he got the benefit of the fifth in the general charge.

New trial.